UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

---

| | : | |
|---|---|---|
| NOCO COMPANY, | : | CASE NO. 1:22-cv-00211 |
| | : | |
| Plaintiff, | : | ORDER |
| | : | |
| v. | : | |
| | : | |
| SHENZHEN VIGOR POWER BATTERY CO. LTD., | : | |
| | : | |
| Defendant. | : | |

---

JAMES S. GWIN, UNITED STATES DISTRICT COURT JUDGE:

On February 8, 2022, Plaintiff NOCO Company sued Defendant Shenzhen Vigor Power Battery, doing business as FCONEGY, for trademark and trade-dress infringement. Because NOCO has failed to diligently pursue service, the Court now **DISMISSES** this case without prejudice.

Defendant FCONEGY is a Chinese corporation. The Hague service convention requires plaintiffs to serve Chinese defendants via China's central authority—a process that may take years.

Federal Civil Procedure Rule 4 accounts for foreign service's extended timeline by excepting foreign service from the 90-day domestic-service limit.[1] But the Rule does not permit a plaintiff to delay service indefinitely. Plaintiffs still must diligently pursue service to avoid involuntary dismissal.[2] Plaintiff NOCO's delay in this case is inexcusable.

---

[1] *See* FED. R. CIV. P. 4(m) (90-day limit "does not apply to service in a foreign country").
[2] *See* Oliver v. Short, 89 F.R.D. 305, 306 (E.D. Tenn. 1980) ("The Court cannot allow this action to clog its docket merely because [a] defendant[] cannot be found."); *see also* Walker v. Donahoe, 528 F. App'x 439, 440–41 (6th Cir. 2013) (affirming a district court's decision to dismiss for failing to timely perfect service when the "complaint was pending in the district court for over nine months" and after issuing a show-cause order).

Case No. 1:22-cv-00211
GWIN, J.

On May 17, 2023, at the Court's request, NOCO filed a status report. The report showed that NOCO had not yet sent any service request to China's central authority. In fact, it appeared that since April 2022, NOCO had made no service progress at all. So, on June 27, 2023, the Court ordered NOCO to show why the Court should not dismiss this action for failing to diligently pursue service.

On July 11, 2023, NOCO responded to the Court's order.[3] In short, NOCO blames the delay on a third-party foreign-process-service provider, attorney turnover, and attorney inexperience. None of these circumstances excuse the lengthy delay in this case.

Kohrman Jackson & Krantz represents NOCO in this case. At all times, KJK assigned at least two attorneys to this case—a managing attorney and an associate.

Sometime before April 5, 2022, KJK retained Veritext Legal Solutions to serve Defendant FCONEGY according to the Hague service convention.[4] But Veritext failed to discover any FCONEGY service address from the FCONEGY information KJK gave.[5] A dispute then arose over whether Veritext had agreed to translate the provided information.[6]

On April 19, 2022, the assigned associate contacted Veritext and asked what further NOCO steps would allow Veritext to serve FCONEGY.[7] Veritext did not reply.[8]

NOCO made no further effort to serve FCONEGY for seven months.[9] During that time, KJK reassigned the case to an "inexperienced" associate.[10]

On November 18, 2022, KJK again contacted Veritext. Veritext again replied that it

---

[3] Doc. 11.
[4] *Id.* at 2 (PageID 55).
[5] *See id.* at 3 (PageID 56).
[6] *See id.* at 2–3 (PageID 55–56).
[7] *See id.* at 3 (PageID 56).
[8] *See id.*
[9] *See id.*
[10] *Id.*; Doc. 11-2 ¶ 9.

Case No. 1:22-cv-00211
GWIN, J.

lacked enough information to serve FCONEGY and that Veritext had therefore "closed" the FCONEGY service request.[11] Although NOCO says it then "decided" to "prepare a Motion for Alternative Service,"[12] it did not file any motion with the Court.

In February 2023, the managing attorney took medical leave, and a new managing attorney took over. The new managing attorney "presum[ed]" that the case "was already in the lengthy process of being served."[13] Only upon contacting Veritext to prepare the May 17, 2023, status report did KJK "discover[] again" that Veritext had closed the job.[14]

In its response, NOCO also said that it would move within 14 days to serve FCONEGY through alternative methods.[15] To date, NOCO has filed no such motion.

In light of these facts, the Court finds that NOCO has failed to diligently pursue service.

First, any Veritext failure does not excuse NOCO from its service obligation under Rule 4 and the Hague service convention. On three occasions between April 2022 and May 2023, Veritext gave notice that it could not serve FCONEGY based on the provided information. Even if Veritext failed to provide agreed-upon services or respond to counsel, NOCO's counsel had ample time to enforce any agreement or retain a different foreign-process-service provider.

Similarly, neither transferring this case between attorneys within KJK nor any attorney inexperience excuses NOCO's lapse in service efforts. A law firm's supervising attorneys must "establish internal policies and procedures" to, among other things, "identify dates by

---

[11] *See id.*
[12] Doc. 11-1 ¶ 19 (PageID 62).
[13] Doc. 11 at 4 (PageID 57).
[14] *Id.*
[15] *Id.* at 5 (PageID 58).

- 3 -

Case No. 1:22-cv-00211
GWIN, J.

which actions must be taken in pending matters" and "ensure that inexperienced lawyers are properly supervised."[16]

Because NOCO gives no valid excuse for the service delay, the Court **DISMISSES** this case without prejudice. NOCO may refile this action after it discovers an address at which it can serve Defendant FCONEGY under the Hague service convention.

IT IS SO ORDERED.

Dated: July 27, 2023                  s/      *James S. Gwin*
                                                         JAMES S. GWIN
                                                         UNITED STATES DISTRICT JUDGE

---

[16] OHIO RULES OF PRO. CONDUCT r. 5.1 cmt. (effective June 17, 2020).